IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID KIP GILLMORE,<br>    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:12-CV-554-Y<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner David Kip Gillmore, TDCJ-ID #1558463, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In July 2007 petitioner was indicted for engaging in organized criminal activity in Palo Pinto County, Texas. (Clerk's R. at 2) The indictment alleged that petitioner,

> on or about the 16th day of October, A.D., 2006, through the 15th day of March, A.D., 2007, in said county and State did then and there, with the intent to establish maintain, or participate in a combination or in the profits of a combination, aid combination consisting of the defendant and Richard Gene Igo, Erick Joel Yanez, Greggory Don Gillmore, Andy Wayne Self and Michelle McDuff Gillmore, who collaborated in carrying on the hereinafter described criminal activity, conspire to commit the offense of manufacturing of a controlled substance, namely, methamphetamine, in an amount of 200 grams or more but less than 400 grams by agreeing with each other that they would engage in conduct that constituted said offense, and the defendant and Richard Gene Igo, Eric Joel Yanez, Greggory Don Gillmore, Andy Wayne Self and Michelle McDuff Gillmore, performed an overt act in pursuance of said agreement, to-wit: from on or about the 16th day of October, A.D., 2006, through the 15th day of March, A.D., 2007, the defendant and Eric Joel Yanez, Greggory Don Gillmore, Andy Wayne Self and Michelle McDuff Gillmore, purchased pseudoephedrine tablets on numerous occasions with the intent to manufacture methamphetamine . . . .

(*Id.*)

On January 22, 2009, a jury found petitioner guilty of the offense in the 29th Judicial District Court in Cause No. 13553. (State Habeas R. at 58[1]) The next day, at the conclusion of the punishment phase, the jury assessed petitioner's punishment at 55 years' imprisonment. (*Id.*)

Petitioner appealed his conviction, but the Eleventh District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Gillmore v. State*, No. 11-09-00062-CR, 2010 WL 3049040 (Tex. App.–Eastland Aug. 5, 2010); *Gillmore v. State*, PDR No. 1196-10. Petitioner also filed a state application for writ of habeas corpus challenging his conviction, which was denied by the Texas

---

[1] "State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-71,174-02.

Court of Criminal Appeals without written order. (State Habeas R. at cover) This federal petition for writ of habeas corpus followed.

The appellate court set forth the factual background of the case as follows:

> In January 2007, the Mineral Wells/Palo Pinto County City-County Narcotics Unit received a complaint about a possible clandestine methamphetamine lab. They investigated and discovered a methamphetamine lab and drugs on the property of Gregory Don Gillmore, appellant's brother. Several weeks later, the Walgreens pharmacy in Mineral Wells contacted the Department of Public Safety to report suspicious purchases of pseudoephedrine by three individuals. The DPS checked these names against pharmacy logs at other nearby pharmacies and determined that a pattern of suspicious behavior existed. The DPS determined that, from October 2006 through August 2007, this group purchased 283 boxes of pseudoephedrine. They were also observed purchasing items commonly used in the manufacture of methamphetamine including starter fluid and dry ice. Ultimately, Gillmore and five other individuals were charged with engaging in organized criminal activity by conspiring to manufacture methamphetamine. When Gillmore was arrested, police found a baggie that field-tested positive for methamphetamine, several boxes of Sudafed, and a box of lithium-type batteries.

*Gillmore*, 2010 WL 3049040, at *1.

### D. ISSUES

Petitioner brings three grounds for habeas relief, wherein he claims he received ineffective assistance of counsel because counsel failed to (1) object and seek a continuance when the state informed the defense on the Friday before trial that it intended to call co-conspirator, Andy Self, who had entered into a plea agreement with the state for deferred adjudication on that same day, to testify to extraneous bad acts, (2) hold the state responsible for the exact amount of methamphetamine charged, given that a total of only 4 grams was seized by law enforcement during all the arrests, and (3) make a timely request for notice of extraneous offense evidence. (Pet. at 6-7B; Pet'r Mem. at 2-13)

E. Rule 5 Statement

Respondent believes that all three claims are unexhausted, as required by 28 U.S.C. § 2254(b)(1), and barred by the procedural default doctrine. (Resp't Ans. at 6-11)

F. Discussion

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact

conclusions unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2011). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is typically an adjudication on the merits, which is entitled to this presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

### 2. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Petitioner asserts he exhausted his ineffective assistance claims by raising them in his state habeas application and his motion to supplement his application, which was granted by the state habeas court. (State Habeas R., "Event Code: Motion Received") In his state application, he raised the following relevant issues:

- "Was the evidence sufficient to support a conviction for engaging in organized criminal activity, manufacturing 200-400 grams of methamphetamine?

- Did the trial court abuse its discretion in allowing the extraneous offense testimony of Andy Self [without reasonable notice to the defense]?

6

– 	Did the effect of the combined errors[,] [including the erroneous admission of extraneous offense testimony without reasonable notice and the insufficiency of the evidence,] deny [petitioner] of his due process rights?"

(State Habeas R. at 6,8-9)

In his motion to supplement his application, petitioner raised the matter of ineffective assistance of counsel at trial and on appeal. He asserted–

> Petitioner wishes to bring to the attention of the court that under futher [sic] investigation of his records, he found that he was denied the effective assistance of counsel during trial and on his Direct Appeals. That this denial is an [sic] Constitutional Issue claim and must be properly exhausted in the state courts before the Federal Courts can review them.
>
> The trial counsel denied him his due process right of attacking the state[']s witnesses['] testimony when he failed to properly OBJECT to harmful and hearsay testimony with no evidence to support such testimony. This witness (Andy Self) could have been impeached to show a bias [sic] reason [to] testify due to the fact he was [a] co-conspirator and received a less harsher [sic] punishment in his sentence. Trial counsel was ineffective to properly object and preserve legal issues on appeal and to impeach witnesses.
>
> Appellate counsel was ineffective due to not raising a claim that the Evidence was Legally insufficient to support a conviction of Engaging in Organized Criminal Activity of Manufacturing of Methamphetamine of 200-400 grams, where in the evidence and testimony it will show that the total amount of the drug actually fell in . . . the lesser included offense of manufacturing between 4-200 grams.

(*Id.* at 2) (emphasis in original)

Affording petitioner abundant latitude, the undersigned finds the claims raised in petitioner's state habeas application and supplement thereto were sufficient to exhaust the claims raised in this federal petition. Thus, petitioner's claims are addressed on the merits.

*3. Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Where a petitioner's ineffective assistance claims have been reviewed on the merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001). In the absence of a written opinion or express findings of fact, this court assumes the state courts applied the *Strickland* standard and made factual findings consistent with the state courts' decision.

8

Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective assistance claim was contrary to or an objectively unreasonable application of *Strickland*. *Kittelson v. Dretke*, 426 F.3d 306, 315 -17 (5th Cir. 2005); *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner claims counsel was ineffective by failing to object and seek a continuance when the state informed the defense on the Friday before trial that it intended call Self as a witness to testify that petitioner purchased pseudoephedrine after his indictment and threatened to kill Self and Self's family if Self testified against him. Under Texas law, the state is required to provide "reasonable notice" of its intent "to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence [.]" TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp. 2012); *see also* TEX. R. EVID. 404(b) ("reasonable notice" of intent to use extraneous offense evidence must be given before trial). The appellate court found that evidence of pseudoephedrine purchases was given *via* business record affidavits filed months before trial and that counsel had nevertheless waived the objection to the testimony as a strategic matter. *Gillmore*, 2010 WL 3049040, at *3. On the other hand, the court found counsel failed to preserve his objection to late notice of Self's testimony regarding petitioner's threats by failing to move for a continuance. *Id.* at *3-4. In the state habeas proceeding, petitioner proffered no evidence in support of this claim to show that, had a continuance been asked for and granted, his counsel would have discovered information to rebut or impeach Self's testimony or would have altered the outcome of his trial or appeal. Conclusory allegations do not establish a valid ineffective assistance claim. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Petitioner claims counsel was ineffective by failing to hold the state responsible for the exact amount of methamphetamine charged in the indictment. The searches by law enforcement produced the following—two bottles containing 94.53 grams and 170.05 grams of a liquid containing methamphetamine; a bottle containing 28.61 grams of a powdery substance containing methamphetamine; a baggie containing 2.42 grams of a powdery substance containing methamphetamine; coffee filters containing 39.93 grams of a substance containing pseudoephedrine, and coffee filters containing .74, 1.06 and .03 grams of a substance containing methamphetamine, including a powdery substance identified as "bones," the substance discarded after methamphetamine has been extracted. (RR, vol. 5, at 98-100, 111-20) There was also expert testimony that the theoretical yield of 283 boxes of pseudoephedrine would produce 306.6 grams of methamphetamine. (*Id.* at 123-28) This evidence was sufficient to show the actors conspired to manufacture methamphetamine in an amount of 200 to 400 grams. The state was not required to prove what percentage of the solutions and substances were methamphetamine or that petitioner and/or one or more of his co-conspirators were actually in possession of 200 to 400 grams of pure or actual methamphetamine.[3] *Wright v. State*, 201 S.W.3d 765, 767 (5th Cir. 2006) (holding aggregate weight of a controlled substance includes unusable toxic liquids necessary to the manufacturing process); *Seals v. State*, 187 S.W.3d 417 420 (Tex. Crim. App. 2005) (holding aggregate weight of a controlled substance includes waste product left over after the drug is used).

---

[3]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(5) ("controlled substance" means a substance listed in Penalty Group 1 and includes "the aggregate weight of any mixture, solution, or other substance containing a controlled substance") and § 481.002(25) ("manufacture" means the production of a controlled substance "directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis") (Vernon 2010).

Counsel is not ineffective by failing to raise frivolous objections, motions or issues at trial or on appeal. *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994); *Koch*, 907 F.2d at 526.

Finally, petitioner claims counsel was ineffective by failing to make a timely request for notice of the state's intent to introduce Self's testimony regarding extraneous acts. The record refutes this claim. Trial counsel filed a request for notice on September 6, 2007, nearly a year and a half before trial. (Clerk's R. at 12) Nor is any legal support found for an argument that counsel was required to refile the request.

In conclusion, applying the appropriate deference to the state's implied factual determinations, the state courts' denial of petitioner's ineffective assistance claims is not contrary to or involve an unreasonable application of *Strickland*.

### 4. Evidentiary Hearing

Petitioner requests an evidentiary hearing to further develop the record in support of his claims, however federal habeas review of state-court proceedings are limited to the record before the state court that adjudicated the claims on the merits. *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398-1401 (2011). Petitioner's claims were adjudicated on the merits in state court, and he has failed to overcome the limitation of § 2254(d)(1) on the record that was before the state court. *Id.*

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 21, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 21, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October _31_, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

13